IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CYNTHIA K. EDWARDS                                                                             PLAINTIFF

v.                                       CIVIL NO. 14-5363

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Cynthia K. Edwards, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) benefits under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 6, 2012, alleging an inability to work since June 1, 2011, due to knee problems, fibromyalgia, and anxiety. (Tr. 75, 189, 211). For DIB purposes, Plaintiff maintained insured status through September 30, 2011. (Tr. 25, 75). An administrative video hearing was held on November 4, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 40-73).

By written decision dated January 24, 2014, the ALJ found that through the date last insured, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 27).

1

Specifically, the ALJ found Plaintiff had the following severe impairments: arthralgia/myalgia, not otherwise specified (NOS), a history of knee surgeries and anxiety, NOS. (Tr. 27). However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 27). The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that she could perform simple, routine, repetitive tasks with incidental interpersonal contact with coworkers and supervisors, no contact with the general public, and simple, direct and concrete supervision.

(Tr. 29). With the help of a vocational expert, the ALJ determined that through the date last insured, Plaintiff could perform work as a production worker, and an inspector/tester/sorter/weigher. (Tr. 34).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 10, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Evidence Presented:**

Plaintiff was forty-nine years of age when her insured status expired. Plaintiff testified that she completed the seventh grade, but that she did not succeed in obtaining her GED. (Tr. 43-44).

A review of the record reveals that prior to the relevant time period, Plaintiff sought treatment for a rash, myalgias, an irregular mole, bilateral foot pain, lower back pain, and anxiety.

The medical evidence pertinent to the relevant time period of June 1, 2011, through September 30, 2011, consists of the following. On August 24, 2011, Kelly J. Milburn, APN, completed a "chart update." (Tr. 280). Plaintiff's chronic problem consisted of anxiety. In 2012, the non-examining medical consultants opined that the medical record was insufficient to determine impairment status or functional status prior to Plaintiff's date last insured. (Tr. 79, 80-81, 88, 89).

Medical evidence dated almost six months after Plaintiff's insured status expired indicates Plaintiff sought treatment for left knee pain, depression, myalgias, anxiety, a left breast knot and incontinence. Plaintiff's primary care physician, Dr. Carl R. Duncan, completed both physical and mental RFC assessments on July 30, 2012, July 31, 2012, and May 9, 2013, respectively, opining Plaintiff could perform less than sedentary work. (Tr. 285-289, 300-306).

**III.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and

work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**IV.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in not giving adequate weight to Plaintiff's primary care physician when determining Plaintiff's RFC; 2) the ALJ failed to make a proper credibility determination; and 3) the ALJ erred in making the Step 5 determination.

    **A.    Insured Status:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability.  42 U.S.C. § 416(i)(3)(B).  Plaintiff last met this requirement on September 30, 2011.  Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of June 1, 2011, her alleged onset date of disability, through September 30, 2011, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death.  Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

### B.     Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that in a Function Report dated July 27, 2012, well after the expiration of her insured status, Plaintiff indicated that she lived in a house with her husband and her four-year-old grandson. (Tr. 230-237). Plaintiff reported that she would get her grandson on the bus for pre-school, and do house chores with breaks. Plaintiff further indicated that she could take care of her personal needs, prepare simple meals, drive a car when she was not taking her medication, read, swim, talk on the telephone, use the computer, and go to the library to get movies. Plaintiff reported that she would get out of the house as much as possible.

With respect to Plaintiff's alleged pain, a review of the record reveals that Plaintiff did not seek treatment from any health professional during the relevant time period. In fact, the only medical record during the relevant time period is a "chart update" completed by Nurse Milburn wherein Plaintiff's chronic problem consisted of anxiety. (Tr. 280). The lack of

treatment for Plaintiff's alleged disabling pain during the relevant time period was appropriately addressed by the ALJ when assessing Plaintiff's credibility.

With regard to Plaintiff's alleged mental impairments, a review of the record reveals that Plaintiff failed to demonstrate that she sought on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she was unable to engage in any gainful activity prior to the expiration of her insured status. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Neither the medical evidence nor the reports concerning her daily activities support Plaintiff's contention of total disability. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).

7

Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2))

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations prior to the expiration of Plaintiff's insured status. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Duncan, Jim Takach, Kay Cogbill, Valeria Malak, Susan Daugherty, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert,

8

whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Dr. Duncan, Plaintiff's treating physician, completed both physical and mental assessments dated, July 30, 2012, July 31, 2012, and May 9, 2013, respectively, indicating Plaintiff could perform less than sedentary work due to her impairments. After reviewing the record, the Court finds substantial evidence to support the ALJ's determination that Dr. Duncan's assessments were inconsistent with his treatment notes, as well as the record as a whole. Perkins v. Astrue, 648 F.3d 892, 899 (8th Cir. 2011) (it is permissible for ALJ to discount opinion that is inconsistent with physician's own treatment notes). In giving Dr. Duncan's opinion regarding Plaintiff's mental impairments less weight, the ALJ noted that Dr. Duncan had indicated in treatment notes that Plaintiff exhibited no unusual anxiety or evidence of depression in April, May, and December of 2010. Plaintiff also sought no treatment for her mental impairments during the relevant time period. With respect to Dr. Duncan's physical assessment, the ALJ noted that treatment notes indicate Plaintiff's pain was moderate, and that her pain improved with the use of medication. The ALJ also noted that Dr. Duncan encouraged Plaintiff to exercise daily. It is also noteworthy that Plaintiff did not seek treatment for these alleged disabling physical impairments during the relevant time period. Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### D. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds

that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a production worker, and an inspector/tester/sorter/weigher, prior to the expiration of her insured status. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### V.     Conclusion:

Based on the foregoing, the Court recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of October, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE